# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| v. | NO. 99-126 |
| JAMES M. MILLER | SECTION "K" |

## ORDER AND OPINION

Before the Court is a petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2255 filed by petitioner James M. Miller, a state prisoner at the J.B. Evans Correctional Facility in Newellton, LA. After reviewing the petitioner's motion (Doc. 54), the government's opposition (Doc. 56), and the applicable law, the Court concludes that the petitioner's motion is properly construed as a motion for relief pursuant to 28 U.S.C. §2241 and that jurisdiction and venue for the claim are proper in the United States District Court for the Western District of Louisiana. Accordingly, the Court hereby transfers James Miller's petition to the Western District of Louisiana for review.

BACKGROUND

On April 19, 2000, this Court sentenced Petitioner James M. Miller ("Miller") to 100 months in the Bureau of Prisons and five years supervised release after he pleaded guilty to violating 21 U.S.C. §841(a)(1) for distribution of a quantity of cocaine base.

While on supervised release Miller was arrested and convicted on state charges of distribution of cocaine and heroin in the 22nd Judicial District Court, State of Louisiana.[1] On July 16, 2007, the state court sentenced Miller to a twelve and one half year term of

---

[1] The 22nd Judicial District Court includes St. Tammany Parish and Washington Parish, both of which are within the jurisdiction of the United States District Court for the Eastern District of Louisiana. 28 U.S.C. §98(a).

imprisonment.  On August 22, 2007, this Court revoked Miller's supervised release and sentenced him to twelve months in the Bureau of Prisons, to run consecutive to any sentence he was presently serving.  Miller did not appeal this sentence.

Following his state conviction, Miller was housed on the federal tier of the St. Tammany Parish Prison from July 19, 2007, until May 21, 2008.  During a four month period beginning in April 2008, Miller sent inquiries to his prison supervisors and this Court requesting credit to his federal sentence for his stay on the federal tier at the St. Tammany Parish Prison.  In his letters to this Court, Miller also stated that he wrote to his probation officer and attorney regarding this issue.  In one particular letter, Miller requested to become a trustee since he transferred back into state custody on the day that he wrote the letter.  Miller then learned that a federal detainer was placed against him, preventing his release once he completed his state sentence.

On October 19, 2009, Miller filed this *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255.  Miller seeks to apply the time he spent in federal custody – from July 19, 2007, to May 21, 2008 – to his federal sentence.

## LAW AND ANALYSIS

The government correctly argues that Miller's postconviction relief motion is properly filed under 28 U.S.C. §2241 rather than §2255[2] because he is challenging the manner in which his sentence is being executed.  *See United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992).  In *United States v. Cleto*, a habeas petitioner incorrectly filed a §2255 motion when he sought sentence credit for time spent in custody during his release on bond while awaiting trial and appeal.  *Id.*  The petitioner should have filed his claim under 28 U.S.C. §2241.  *Id.*

---

[2] Alternatively, even if Miller's motion for postconviction relief stated a claim under §2255, that claim would be time barred since Miller filed the claim more than twenty-five months after the applicable one year statute of limitations expired.  *See* 28 U.S.C. §2255(f)(1).

"A section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). Miller is not attacking the constitutionality of his detainment but rather the execution of his sentence. Thus, Miller should have filed his habeas petition under 28 U.S.C. §2241 rather than §2255. As such, Miller should have filed his petition in the district where he is incarcerated. *See Cleto*, 956 F.2d at 84 (concluding that the petitioner properly filed his §2241 motion in the Western District of Texas where he was physically incarcerated). Miller's place of detention – based on the return address of his §2255 motion – is the J.B. Evans Correctional Facility in Newellton, LA, which is in Tensas Parish and within the jurisdiction of the Western District of Louisiana. *See* 28 U.S.C. §98(a).

**IT IS ORDERED** that James M. Miller's petition for postconviction relief be **TRANSFERRED** to the United States District Court for the Western District of Louisiana for review.

New Orleans, Louisiana, this 18th day of June, 2010.

_____
STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE